IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL M. PLATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1104 |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant | ) |

**O R D E R**

AND NOW, this 12th day of July, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on October 16, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on September 7, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

**I.      Background**

Plaintiff Jill Platt protectively filed claims for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, 1381 *et seq.*, claiming that she became disabled on November 1, 2019.  (R. 15). After being denied initially on October 8, 2020, and upon reconsideration on October 15, 2021, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ") on December 10, 2021. (R. 15, 69-180).  After a telephone hearing was held on March 22, 2022, ALJ Michael Kaczmarek denied Plaintiff's request for benefits in an unfavorable decision dated May 4, 2022. (R. 12-28).  On April 24, 2023, the Appeals Council declined to review the ALJ's decision.  (R. 1).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.  (Doc. Nos. 9, 12).

**II.     Standard of Review**

The Court's scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) ("'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive[]'") (quoting 42 U.S.C. § 405(g)) (emphasis in original); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) ("[w]e have plenary review of all legal issues . . . and review the ALJ's findings of fact to determine whether they are supported by substantial evidence.").  The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  If the Court finds the Commissioner's findings of fact are supported by substantial evidence, then it must uphold the

Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

"Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). Additionally, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason[.]" *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

"[A] disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The ALJ's disability determination is based on a five-step sequential evaluation process promulgated by the Social Security Administration. *See* 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the ALJ moves on to the second step of the process, which is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

At Step Four, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must consider all the evidence in the record in formulating the RFC. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The claimant bears the burden of demonstrating an inability to perform his or her past relevant work. *See*

*Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at §§ 404.1523, 416.923.

### III.     The ALJ's Decision

In his May 4, 2022 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, November 1, 2019. (R. 17). The ALJ further found that Plaintiff had several severe impairments: fracture of the wrist, fracture of the left radius and ulna, six fractured ribs, punctured left lung, and required splenectomy; degenerative disc disease of lumbar spine; lumbar arthritis; obesity; post-traumatic stress disorder; and depression. (R. 18). However, the ALJ concluded that none of Plaintiff's impairments or combination of impairments met any of the listings. (*Id.*).

At the next step of the process, the ALJ found that Plaintiff retained the following RFC:

[C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally balance and stoop; never kneel, crouch, or crawl; avoidance of concentrated exposure to extremes of heat, cold, and vibration, and all hazards, such as inherently dangerous moving machinery and unprotected heights; occasional reaching bilaterally and frequent handling, fingering and feeling bilaterally. She is limited to unskilled low stress work such as work at the SVP 1 or SVP 2.

(R. 20). In formulating this RFC, the ALJ evaluated the entirety of the record, including the opinions of Drs. Lisa Cannon, Psy.D., John Miller, Ph.D., and Richard Williams, Ph.D., who all agreed that Plaintiff was moderately limited in some areas of social functioning. (R. 25-26; Exs. 1A/18, 2A/18, 5A/28, 6A/28, 11F/8). While the ALJ found all of these opinions persuasive, (R. 26), the ALJ did not include within the RFC any limitations incorporating Plaintiff's deficient social functioning. (R. 20).

Applying this RFC, the ALJ proceeded to determine that there were jobs existing in significant numbers within the national economy that Plaintiff could perform, such as furniture rental, laminating machine, and counter clerk. (R. 27). Accordingly, the ALJ found Plaintiff was not disabled. (R. 27-28).

### IV.   Legal Analysis

Plaintiff sets forth several arguments as to why the ALJ's finding that she was not disabled is not supported by substantial evidence. (Doc. No. 10). First, she argues that the ALJ did not account for her absences from work during the relevant period, as the surgeries she endured occurred on 13 separate dates. (*Id.* at 29-30). Second, Plaintiff posits that the ALJ inappropriately limited her to light work with occasional use of her upper extremities on the basis of the ALJ's misstatement that Dr. Peter Siska, MD, released her to "light duty work." (*Id.* at 30-31). Third, Plaintiff argues that the ALJ erred in determining her mental RFC, specifically finding that she was limited to only unskilled low stress work. (*Id.* at 31). Lastly, Plaintiff argues that the hypothetical posed to the Vocational Expert ("VE") was in error as it did not contain all of her impairments. (*Id.* at 32-34). The Court agrees with Plaintiff's third argument, pertaining to her mental RFC, and finds that the ALJ erred by failing to explain how he considered the opinions in the record pertaining to Plaintiff's social functioning. The record

reveals that the opining doctors and medical experts agreed that Plaintiff suffered from diminished social functioning. (Exs. 1A/18, 2A/18, 5A/28, 6A/28, 11F/8). However, the ALJ failed to explain how any of these were considered in determining Plaintiff's RFC. Without such explanation, the Court is not able to meaningfully review this decision and, accordingly, cannot find the ALJ's decision to be supported by substantial evidence. As a result, remand is necessary for further consideration and discussion of this issue.

In formulating a claimant's RFC, the ALJ must consider all relevant evidence and include "a clear and satisfactory explication of the basis on which [the RFC] rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). The ALJ may not ignore or fail to resolve a conflict created by countervailing evidence. *See Morales*, 225 F.3d at 317. Additionally, ALJs may not mischaracterize or overlook evidence. *Cotter*, 642 F.2d at 706. Here, the ALJ ignored, or at least overlooked, record evidence to support a social functioning limitation that may have been included within the RFC.

While the ALJ explained record evidence in describing how he crafted the RFC, his decision did not account for all of the evidence. Indeed, the record shows that Drs. Miller, Williams, and Cannon all opined that Plaintiff had some moderate limitations in either social functioning or in interacting with others. (Exs. 1A/18, 2A/18, 5A/28, 6A/28, 11F/8). Additionally, Dr. Shane Bealer, M.D., opined that Plaintiff was "unable to meet competitive standards" or had "no useful ability to function" in many areas of social functioning. (R. 4275). Dr. Peter Siska, M.D., Plaintiff's treating orthopedist, and Deb Warnick, MSW, LSW, ACSW, Plaintiff's treating therapist, did not address Plaintiff's social functioning, but Ms. Warnick mentioned that Plaintiff was "unable to perform her job responsibilities." (Exs. 6F. 19F; R. 25). Other opining physicians, including Drs. Paul Smith, M.D., and Anthony Elisco, M.D., also did

not assess Plaintiff's social functioning. (Exs. 1A, 2A, 25F). Thus, of the doctors who opined on Plaintiff's social functioning, all agreed that Plaintiff is at least moderately limited in this area.

The ALJ found the opinions of Drs. Miller, Williams, and Cannon persuasive and even noted that he found the opinion that Plaintiff be limited to "occasional contact with all social" to be persuasive. (R. 26). However, the ALJ did not incorporate any limitations into Plaintiff's RFC reflecting that he found this social limitation persuasive or offer any kind of explanation as to why such limitation was not included in the RFC. While the ALJ did limit Plaintiff to unskilled and low stress work, there is nothing to suggest that such a limitation was intended to address social functioning limitations. Accordingly, because the ALJ failed to provide any analysis as to why he found these opinions persuasive and yet subsequently rejected unanimous opinion evidence as it relates to Plaintiff's social functioning, the Court is unable to make a meaningful review as to whether or not the decision is based on substantial evidence. Consequently, remand is warranted.

It is possible that the ALJ felt that limiting Plaintiff to unskilled work in and of itself adequately addressed any of Plaintiff's deficiencies in social functioning. However, a mere limitation to unskilled work does not account for such limitations in a meaningful way. Social Security Ruling 85-15 provides some insight into the demands of unskilled work, stating,

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985); *see also Guerrero v. Comm'r of Soc. Sec.*, 249 Fed. Appx. 289, 292 (3d Cir. 2007). As these authorities show, unskilled work alone does not

expressly address social functioning limitations. Accordingly, Plaintiff's RFC, without explanation otherwise, does not address the unanimous social functioning limitations opined by the medical experts.[2]

An ALJ's decision need not be so comprehensive as to account with meticulous specificity for each finding contained therein. Likewise, the Court does not fault the ALJ for failing to discuss every piece of evidence in the record. *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted). However, the Court is unable to review the ALJ's findings where the ALJ failed to "build an accurate and logical bridge between the evidence and the result." *Id.* (citation omitted). The Court cannot discern why the ALJ found doctors' unanimous opined social limitations persuasive and then subsequently did not include a limitation to address these deficiencies within the RFC or at least include an explanation as to why this limitation was not incorporated. *See Fargnoli*, 247 F.3d at 44 n.7 ("[T]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943) (citations omitted)). Therefore, the Court will remand the matter so that the ALJ can explain if and how he incorporated these persuasive social limitations into Plaintiff's RFC.

Although Plaintiff raises other arguments, the Court does not reach these because it has already found a remand warranted. The Court, however, does note that on remand the ALJ should take care to properly consider Plaintiff's potential absences from work during the relevant period due to numerous surgeries and thoroughly evaluate the opinion of Dr. Siska.

---

[2] Further, because the RFC is not supported by substantial evidence, the ALJ's incorporation of Plaintiff's RFC into the VE hypothetical was error. "A hypothetical question posed to a vocational expert 'must reflect *all* of a claimant's impairments.'" *Burns v. Barnhart*, 312 F.3d 113, 123 (3d Cir. 2002) (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)) (emphasis in original).

**V.      Conclusion**

In sum, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for reconsideration with this Order.


                                                                    s/Alan N. Bloch
                                                                    United States District Judge



ecf:            Counsel of record